MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION *vs.*
GEORGE FRANZAROLI & another.

Suffolk.      February 4, 1970. — March 3, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Anti-Discrimination Law. Equity Jurisdiction,* Enforcement of order of
   Massachusetts Commission Against Discrimination. *Damages,* Under
   anti-discrimination law.

Under the authority of the Superior Court in G. L. c. 151B, § 6, to set
   aside "in whole or in part" an order of the Massachusetts Commission
   Against Discrimination made upon a complaint under § 5, the court
   in an enforcement proceeding under § 6 was empowered to refuse to
   enforce an award of damages to the complainant against the respond-
   ents included in the order notwithstanding the respondents' failure
   to seek review of such award in the District Court under § 5, as amended
   by St. 1965, c. 569. [115]
An award of damages by the Massachusetts Commission Against Dis-
   crimination under G. L. c. 151B, § 5, as amended by St. 1965, c. 569,
   to a Negro against the owners of an apartment by reason of their re-
   fusal to rent it to him because of his race in violation of § 4, consisting
   of separate amounts for the cost of commuting from his place of resi-
   dence to his place of work and finding other housing, for his loss of
   time, and for mental suffering from the "considerable frustration,
   anger and humiliation" caused him by the unlawful discrimination,
   was supported by substantial evidence in an enforcement proceeding
   by the commission under § 6, and should have been incorporated in a
   final decree enforcing the commission's order only by commanding
   the apartment owners to cease racial discrimination in the rental of
   housing accommodations. [115–116]

PETITION filed in the Superior Court on May 6, 1969.

The case was heard by *Sullivan,* J.

*Frederic R. Kellogg,* Deputy Assistant Attorney General,
for the petitioner.

SPALDING, J.   This case arises out of a petition brought
in the Superior Court by the Massachusetts Commission
Against Discrimination (commission) seeking enforcement
of its order in a case of an alleged unlawful refusal to rent an

apartment because of race or color in violation of G. L. c. 151B, § 4.

A complaint charging the respondents with a violation of G. L. c. 151B, § 4, was filed with the commission by Mandred Henry of Worcester on November 8, 1967. In his complaint, Henry, who had answered the respondents' newspaper advertisement for an apartment in Roslindale, alleged that the respondents refused to rent it to him because of his race and color. After an investigation and finding of probable cause pursuant to c. 151B, § 5, the commission ordered a hearing on the complaint. Following the hearing the commission rendered a decision entitled "Findings of Fact, Conclusions of Law and Orders." The commission found that the respondents had refused to rent an apartment to Henry (a Negro) because of his race, and that as a result of this refusal, Henry was caused mental suffering and was forced over a period of eighty-four days to commute from Worcester, where he lived, to Boston where he worked. In addition to ordering the respondents to cease racial discrimination in connection with the rental of housing accommodations, the commission ordered them to pay Henry damages totaling $844.50. These damages consisted of the cost of commuting and finding other housing ($94.50), his loss of time ($500), and $250 for mental suffering from the "considerable frustration, anger and humiliation" caused him.[1]

Thereafter the commission brought this petition for the enforcement of its order. The respondents did not seek review of the award of damages under c. 151B, § 5, third paragraph, nor did they seek review of the commission's order under c. 151B, § 6. A decree was entered enforcing the order by commanding the respondents to cease racial discrimination in the rental of housing accommodations. The decree, however, did not order the enforcement of the award of damages. Because of the court's refusal to include damages in its decree, the commission appealed.

---

[1] Because the respondents had paid to the complainant the sum of $175 pursuant to prior conciliation proceedings (see § 5), this amount was deducted from the award of damages, making the total $669.50.

The commission contends that the Superior Court (1) did not have the power to refuse to order enforcement of the award and (2) that the award was one the commission was empowered to make.

The authority of the Superior Court with regard to the commission's orders derives from G. L. c. 151B, § 6. The commission "may obtain an order" for the enforcement of its orders by initiating a proceeding in the Superior Court. In such a proceeding "the court shall have power . . . to make and enter upon the pleadings, testimony and proceedings set forth in such transcript [of the commission's action] an order or decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the commission."

The commission argues, however, that because c. 151B, § 5, provides for a separate review of damage awards, the Superior Court is precluded from setting aside or modifying orders of the commission awarding damages. Under § 5, a person aggrieved by an award of damages, "notwithstanding the provisions of section six," within ten days of notice of the award, may seek a review in a District Court. The District Court "shall hear witnesses, review such action, and determine whether or not upon all the evidence such an award was justified and thereafter affirm, modify or reverse the order of the commission. The decision of the court shall be final and conclusive upon all the parties as to all matters of fact."

We think that the commission's contention conflicts with the plain meaning of § 6 and the provision in § 5 that the review there granted is "notwithstanding the provisions of section six." The statute contains no language indicating that § 5 is the exclusive avenue of review of damage awards. Rather, the conclusion is unavoidable that the Legislature has chosen to provide two avenues for review of damage awards by the commission. The District Court review of the issue of damages was designed to afford an aggrieved party a simple, expeditious review of a damage award where only that portion of an order was challenged. Moreover, the

statutory scheme assures that in cases like the present, where the respondents are unable or unwilling to seek review under § 5 or § 6, the propriety of a damage award will still be reviewed by the Superior Court. We hold that the Superior Court's power under § 6 to modify or set aside "in whole or in part," the commission's order includes the power to refuse to enforce a damage award, notwithstanding the respondents' failure to seek review under § 5.

The commission's contention that its award of damages was proper must be sustained. Section 5 explicitly empowers the commission to award "damages not to exceed one thousand dollars, which damages shall include, *but shall not be limited to,* the expense incurred by the petitioner for obtaining alternative housing or space, for storage of goods and effects, for moving and for other costs actually incurred by him as a result of such unlawful practice or violation; provided, however, that such damages shall not include attorney's fees" (emphasis supplied). We find nothing improper in the commission's exercise of that authority. Its order awarding damages was supported by substantial evidence and was not tainted by error of law.[1] The court below could not properly disregard this portion of the order. There was evidence that the expenses incurred by the complainant in seeking other housing and in commuting were a direct consequence of the respondents' action. There was similarly a basis for the commission's finding that the complainant suffered frustration and humiliation as a result of the respondents' discrimination. In view of the statutory power of the commission, and the recognition in our cases that damages for mental suffering may be recovered in appropriate cases, *Meagher* v. *Driscoll*, 99 Mass. 281 (wrongful removal of a child's body from its grave), *Fillebrown* v. *Hoar*, 124 Mass. 580 (wrongful eviction), *Lombard* v. *Lennox*, 155 Mass. 70, 71 (discharge from employment), an award by the commission of $250 for mental suffering was

---

[1] Section 6 provides that the "order or decision of the commission shall be reviewed in accordance with the standards for review provided in paragraph (8) [of G. L. c. 30A, § 14]."

not improper. The court below should have entered a decree incorporating the damages awarded by the commission. The decree is to be modified by adding a provision ordering the payment of the damages awarded by the commission, and, as so modified, is affirmed.

*So ordered.*