MATTHEW COLVIN

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER, *and* UNITED STATES STEEL CORPORATION

(No. 12923)

Submitted May 19, 1970.                     Decided June 23, 1970.

*Campbell, Love, Woodroe & Kizer, George W. S. Grove, Jr.,* for appellant.

*Patrick Flanagan,* for appellee.

CALHOUN, JUDGE:

This case is before the Court upon an appeal by the employer, United States Steel Corporation, from an order of the Workmen's Compensation Appeal Board which reversed an order of the State Workmen's Compensation Commissioner entered on July 8, 1969, and remanded the case to the commissioner for the taking of additional evidence.

The principal question presented for decision on this appeal is whether the Workmen's Compensation Appeal Board was in error in holding that the State Workmen's Compensation Commissioner exceeded his statutory authority in dismissing claimant's protest, and in directing that the claim be closed, on the ground that the claimant had failed to prosecute his claim diligently.

The claimant injured his back on November 11, 1959, when he stepped from a railroad car into a hole. He lost no time from his employment until July 21, 1960, when he received extensive treatment at Stevens Clinic Hospital in Welch. Dr. J. Hunter Smith of Stevens Clinic Hospital diagnosed his injuries as "Radiculitis right sciatic nerve; Radiculitis of right ilioinguinal nerve; Probable herniated intervertebral disc."

On October 11, 1960, the claim was determined to be compensable and on August 2, 1961, the claimant was granted a twenty-five percent permanent partial disability award. No protest was made by either party to the twenty-five percent award.

On June 25, 1963, the claimant applied for a reopening of his claim upon the basis of a medical report submitted by Dr. Lewis Wright indicating a progression of claimant's condition and recommending an additional fifteen percent award. The claim was reopened on August 1, 1963, and the claimant was referred to Dr. Russel Kessel for reexamination.

In Dr. Kessel's report dated August 15, 1963, he stated: "The claimant has made no genuine effort to rehabilitate himself or to return to remunerative work. This is another example of insignificant types of injuries in which so many claimants in Southern West Virginia receive and are not rehabilitated so as to perform gainful work. From the viewpoint of Workmen's Compensation, this examiner believes that twenty-five (25%) percent permanent partial disability is a sufficient award for any residuals of an industrial injury which persists."

Following the receipt of the report from Dr. Kessel, the commissioner entered an order on August 22, 1963, holding that the claimant had been fully compensated by the twenty-five percent award of permanent partial disability. By a letter dated September 13, 1963, the claimant, by counsel, objected to the ruling of the commissioner. Thereafter sixteen separate hearings were set and continued by the commissioner without the claimant having submitted any medical evidence in support of his protest to the ruling of the commissioner that the claimant had been fully compensated by the twenty-five percent award.

Pursuant to the claimant's protest, a hearing was held at Welch, West Virginia, on January 31, 1964. No medical evidence was submitted in behalf of the claimant at that hearing. Counsel for the claimant then had the hearing continued to the Charleston, West Virginia, docket for the purpose of cross-examining Dr. Russel Kessel. Thereafter hearings were scheduled to be held at Charleston on April 10, October 13, and December 8, 1964; February 26, May 7, June 15, and August 27, 1965, all without any evidence having been offered. The hearing on May 7, 1965, was continued on motion of counsel for the employer and the hearings set for October 13, 1964, and August 27, 1965, were continued by the commissioner. The remaining four scheduled hearings were continued on motions of counsel for the claimant.

By a letter to the commissioner dated July 26, 1965, and received on July 27, 1965, counsel for the employer referred to the fact that it had been more than three years since the claimant received the final payment under the twenty-five

percent award and formally moved that the commissioner "reject the claimant's protest on the ground that he has failed to prosecute the same." No action was taken by the commissioner in relation to the motion, but still another hearing was scheduled to be held in Charleston on September 21, 1965. At that hearing, the claimant called the commissioner's examiner, Dr. Russel Kessel, for cross-examination in relation to his report dated August 15, 1963. Dr. Kessel testified that there had been no progression or aggravation of the claimant's physical condition relative to his injury. Counsel for the claimant moved that the hearing be "continued back to Welch * * *." Counsel for the employer objected to further continuance, whereupon the examiner made the following statement: "Now we will continue this claim to the next Welch docket, but future continuances in this claim will be scrutinized most carefully because of the undue delay."

An additional hearing was scheduled to be held at Welch, approximately six months later, on March 15, 1966, but was continued on the motion of counsel for the claimant. By a letter to the commissioner dated March 11, 1966, counsel for the employer again reviewed the circumstances of the great delay in the proceedings, including a reference to the numerous hearings which had been scheduled without the claimant having submitted any medical evidence in support of his protest to the twenty-five percent award. The concluding paragraph of the letter is as follows: "Therefore the employer again moves that claimant's protest be dismissed on the ground that he has failed to prosecute the same, and that your order of August 22, 1963, be affirmed."

The commissioner made no formal ruling on the employer's motion, but additional hearings were scheduled to be held in Welch on November 22, 1966, and July 21, 1967, both of which were continued on motions of counsel for the claimant. After receiving notice of the second of these two continuances, counsel for the employer, in a letter to the commissioner dated July 18, 1967, again reviewed in detail the history of the case, emphasizing the numerous hearings which had been scheduled and continued without any medical evidence having been submitted by the claimant in support of his

protest to the twenty-five percent award made almost four years previously. The concluding paragraph of the letter is as follows: "Therefore, the employer renews its motion, previously made, that the claimant's protest be dismissed on the ground that he has failed to prosecute the same and that your order of August 22, 1963, be affirmed." In a letter dated July 20, 1967, directed to counsel for the employer, a copy having been sent to counsel for the claimant, an attorney in the commissioner's legal division made the following statement:

"Please be advised that the Commissioner is of the opinion to overrule your motion at this time.

"By a copy of this letter to counsel for the claimant, this office is urging a final disposition and submission of the claim following the next available hearing which will be set on the Welch docket for September or early October, 1967."

A hearing was scheduled to be held approximately eleven months later, on June 21, 1968. Counsel for the claimant then moved for an additional continuance. This motion was opposed by counsel for the employer, who, by a letter to the commissioner dated July 31, 1968, renewed the employer's motion to dismiss the claimant's protest because of his failure "to prosecute the same although he has been given every opportunity to do so."

By a letter dated August 16, 1968, written to counsel for the claimant, a copy having been sent to counsel for the employer, an attorney for the commissioner's legal division made the following statement: "Therefore, the Commissioner is disposed to grant one further continuance. If you are unable to produce the needed medical evidence at the next hearing, the claim will be decided on the evidence now in the file."

An additional hearing was scheduled to be held on November 22, 1968, at which counsel for the claimant moved for an additional continuance in order to permit the taking of the deposition of a doctor of osteopathy who resided in Columbus, Ohio. The motion was granted. The deposition not having been taken, an additional hearing was scheduled to be held at

Welch, about seven months later, on June 19, 1969. In a letter directed to the claimant on June 17, 1969, copies having been sent to counsel for the respective parties, a representative of the commissioner's office stated: "This is to advise that the hearing heretofore set * * * is continued generally on motion of counsel for claimant and for good cause shown."

While, by the letter referred to immediately above, the hearing scheduled to be held on June 19, 1969, was "continued generally", the record does not disclose that it was ever thereafter scheduled to be resumed or held on any specific date. After receiving notice of the general continuance of the hearing which was scheduled to have been held on June 19, 1969, counsel for the employer, by a letter to the commissioner, a copy of which was sent to counsel for the claimant, again reviewed in detail the history of the delay of proceedings in relation to the claimant's protest and moved that the commissioner dismiss the protest, or, in the alternative, that the commissioner rule on the claim on the basis of the record then before the commissioner.

Thereafter the commissioner entered the order from which the claimant appealed to the appeal board, the order being as follows:

> "This claim came on again to be considered this 8th day of July, 1969, upon the entire record, particularly upon the Commissioner's ruling of August 22, 1963, upon protest thereto and upon hearings duly set; and it appearing to the Commissioner that the protestant has failed to diligently prosecute this claim as required by law, it is hereby ordered and directed that the Commissioner's ruling of August 22, 1963, be and the same is hereby affirmed; and the claimant's protest of September 13, 1963, to the above ruling is hereby dismissed and the claim closed; all of which is accordingly so ordered."

In reversing the commissioner's order of July 8, 1969, by a vote of two to one of its members, the appeal board expressed a sympathetic understanding of the contention of counsel for the employer that the claimant had not prosecuted his claim with "any degree of diligence." In that connection, the appeal board made the following statement in its opinion:

"It appears almost unbelievable that the claimant and his counsel could not have been able to find the opportunity to introduce their medical evidence in the span of more than six years in which the Commissioner's order has been in litigation."

In reversing the order of the commissioner and in remanding the claim to the commissioner "for taking of additional evidence", the appeal board made the following statement in its opinion: "The Board suggests that the Commissioner further view any additional requests for continuances in this case with care and that, except for the most compelling reasons, future continuances be not granted and this case decided on the existing record."

We believe we are warranted in our view that the appeal board believed that the commissioner had been extremely indulgent in granting so many continuances over the period of approximately six years during which the case was pending on the claimant's protest to the commissioner's ruling. The appeal board was impressed, however, by the fact that the commissioner, nevertheless, did act affirmatively on the claimant's motion to grant a continuance in relation to the hearing which was scheduled to have been held on June 19, 1969, and by the fact that accordingly the claim was continued generally "for good cause shown."

The opinion of the appeal board implies, and we agree, that a quite different situation might have been presented if the commissioner, in a proper exercise of his discretion, had refused to grant the motion of counsel for the claimant for a continuance in relation to the hearing which had been scheduled for June 19, 1969. We are impressed, as was the appeal board, with the fact that the commissioner granted the continuance "for good cause shown."

The appeal board stated in its opinion: "The decision of whether or not to grant a continuance obviously rests within the sound discretion of the Commissioner." The words, "for good cause shown", seem reasonably to imply that the commissioner exercised his discretion affirmatively in granting the continuance upon a just, reasonable and proper showing

established in behalf of the claimant. We agree with the appeal board's reasoning that, if proper cause for a continuance had not been established by the claimant, the proper course for the commissioner to have followed would have been to deny the motion for a continuance and to have decided the case on the record before him; or, we believe, in the alternative, if the claimant still had failed to submit any evidence in support of his protest, the commissioner should have dismissed the protest and ordered that the claim be closed.

When the commissioner, in the exercise of his discretion, granted the final continuance "for good cause shown," the commissioner should not have dismissed the claim summarily without having accorded to the claimant a reasonable opportunity to produce medical evidence. In this respect, and to this extent, the action of the appeal board in reversing the commissioner's order and in remanding the claim to him is affirmed.

We do not agree, however, with the appeal board's apparent holding that the commissioner has no authority to dismiss a claimant's protest on the ground that the claimant "has failed diligently to prosecute his claim." In that connection, the appeal board stated in its opinion: "Nowhere in Chapter 23 of the Code do we find that the Commissioner is *expressly* granted the authority to dismiss a protest on the grounds that a claimant has diligently failed to prosecute his claim." (Italics supplied.) We are of the opinion that the commissioner has and may exercise certain powers, particularly of a mere procedural or administrative nature, which reasonably and necessarily arise by implication in order to enable him properly to carry into effective operation the powers expressly granted to him and the duties imposed upon him.

Powers, duties and responsibilities granted to the State Workmen's Compensation Commissioner by Chapter 23, Code, 1931, as amended, in relation to claims of injured workmen are rather broad and comprehensive in scope. Code, 1931, 23-1-15, contains the following provision: "The commissioner shall not be bound by the usual common-law or statutory rules of evidence, * * * and may make investigations in such

manner as in his judgment is best calculated to ascertain the substantial rights of the parties and to carry out the provisions of this chapter." Code, 1931, 23-5-1, as amended, contains the following provision: "The commissioner shall have full power and authority to hear and determine all questions within his jurisdiction, * * *." Rule 20(B) of the Rules and Regulations of the Workmen's Compensation Commissioner provides: "All hearings will be open on the day and at the time set therefor and failure to be prepared to proceed with the hearing at that time shall not entitle any party to a continuance unless cause therefor be shown to the satisfaction of the Commissioner * * *."

A general principle of law is that various official bodies, agencies or persons possess, not only such powers as are expressly conferred by constitutional or statutory provision, but, in addition, such incidental powers as are reasonably and necessarily implied in the full and proper exercise of the powers which have been expressly conferred. This general rule has been applied by this Court to county courts, boards of education and municipal corporations. *Mohr v. The County Court of Cabell County*, 145 W.Va. 377, 383, 115 S.E.2d 806, 809. See also *Wilhite v. Public Service Commission of West Virginia*, 150 W.Va. 747, pt. 2 syl., 149 S.E.2d 273; 73 C.J.S., *Public Utilities*, Section 38, page 1064; 100 C.J.S., *Workmen's Compensation*, Section 384, page 142. The general rule, in relation to administrative agencies and officers, has been stated in 1 AM. JUR. 2d, *Administrative Law*, Section 44, page 846, as follows:

> "The court is not limited to the mere words of a statute or what is expressly declared therein, and that which is incidentally necessary to a full exposition of the legislative intent should be upheld as being germane to the law. In the construction of a grant of powers, it is a general principle of law that where the end is required the appropriate means are given and that every grant of power carries with it the use of necessary and lawful means for its effective execution. There is therefore conferred by necessary implication every power proper and necessary to the exercise of the powers and duties expressly given and imposed.

"An administrative agency has, and should be accorded, every power which is indispensable to the powers expressly granted, that is, those powers which are necessarily, or fairly or reasonably, implied as an incident to the powers expressly granted."

The same general principle is stated in 1A M.J., *Administrative Law*, Section 3, page 173, as follows:

"* * * Of course, this is not to say that these statutory or constitutional provisions should receive such a narrow construction as would lead to the defeat of their main purpose. The construction, on the contrary, should be liberal, and every power expressly granted, or fairly implied from the language used, or which is necessary to enable the commission to exercise the powers expressly granted, should and must be accorded. For instance, the power vested in a board or commission to issue a license for the exercise of a privilege implies the power to revoke such license for good cause."

The duties and responsibilities of the commissioner to administer the workmen's compensation laws with reasonable expedition, in fairness to the rights of both claimants and employers, coupled with his power to grant continuances for good cause, necessarily clothe him with an area for exercise of a reasonable discretion in granting or refusing additional continuances and a like area of discretion in determining what is or is not good cause for granting a continuance. If, in the exercise of that discretion, the commissioner determines that a reasonable number of continuances previously have been granted to the claimant; that the claimant has not been reasonably diligent in prosecuting his claim; and that good cause for an additional continuance has not been shown, we are of the opinion that the commissioner has the right and power to decide the case on the evidence before him; and if the claimant has in the meantime submitted no proper evidence in support of his protest to the prior ruling of the commissioner, the commissioner has the right and power to dismiss the protest and to terminate the claim.

We recognize that the right of the commissioner to dismiss a claimant's protest and to terminate his claim is a power

which should be exercised by the commissioner with proper restraint. We merely express our disagreement with the decision of the appeal board that the commissioner cannot, in any circumstances, dismiss a claimant's protest and terminate the claim, merely because that power is not expressly or precisely stated in any statute.

For reasons stated, we reverse the holding of the appeal board that the commissioner cannot, in proper circumstances, terminate a claim because of the failure of the claimant to prosecute the proceedings in relation to the claim with reasonable diligence.

We affirm the action of the appeal board in remanding the claim to the commissioner in order to give the claimant an opportunity, within a reasonable time, to present proper evidence in support of his claim.

Judge Haymond, deeming himself disqualified, did not participate in the consideration and decision of this case.

This decision will be certified to the Workmen's Compensation Appeal Board and to the State Workmen's Compensation Commissioner.

*Affirmed in part;*
*reversed in part;*
*remanded with directions.*