STATE OF WEST VIRGINIA HUMAN RIGHTS COMMISSION, *etc.*

*v.*

EDITH M. PAULEY

(No. 13473)

Decided February 18, 1975.

496

*Franklin D. Cleckley*, Special Assistant Attorney General, *Guy R. Bucci*, Special Assistant Attorney General for appellant.

*John H. Reed, Jr.* for appellee.

CAPLAN, JUSTICE:

The principal issue to be determined on this appeal is whether the West Virginia Human Rights Commission has the statutory authority under the Human Rights Act as set out in *W. Va. Code*, 1931, 5-11-1, et seq., as amended, to make an award of monetary damages to a victim of unlawful discrimination as defined in that Act. A secondary issue is whether the award of monetary damages made by the West Virginia Human Rights Commission in this case is supported by the evidence.

This is an appeal by the West Virginia Human Rights Commission, hereinafter sometimes referred to as Commission, from a final order of the Circuit Court of Kanawha County. The proceeding in that court was instituted by Edith M. Pauley pursuant to the provisions of Section 4 of the State Administrative Procedures Act, as embodied in *W. Va. Code*, 1931, 29A-5, as amended, for the purpose of reviewing the decision and order of the Commission. The hearing before the Commission was upon a complaint charging Edith M. Pauley with discrimination because of race. The Commission found Mrs.

Pauley guilty of discrimination and imposed damages in the sum of $480.00 as compensation for time and effort expended in finding suitable housing; $100.00 as compensation for embarrassment and loss of personal dignity; and $100.00 as exemplary damages for the alleged misconduct of the respondent.

The circuit court affirmed the findings and decision of the Commission which held that Mrs. Pauley had discriminated against Charles Robinson in refusing to rent an apartment to him. It reversed the Commission, however, in its award of monetary damages, holding that the Commission had no statutory authority to make such award. The Commission prosecutes this appeal, seeking an adjudication of the question as to whether it has lawful authority to make an award of monetary damages.

It is not deemed necessary on this appeal to consider the facts in any great detail. Suffice to note that the complainant before the Commission, Charles Robinson, in answer to an advertisement in a newspaper approached Edith M. Pauley in an effort to rent an apartment. Mr. Robinson is black and his wife is white. According to the transcript of the testimony Mrs. Pauley told Mr. Robinson that she would study his references but indicated that they could have the apartment. Subsequently, however, she refused to rent the apartment to them. She told Mrs. Robinson that she could not rent to them because of the interracial marriage. This factual situation gave rise to the proceedings below and posed the questions set out in the first paragraph of this opinion.

It is readily acknowledged that the West Virginia Human Rights Act does not expressly authorize the Commission to make a monetary award of damages to a victim of unlawful discrimination. It is also acknowledged that an administrative agency such as the Human Rights Commission can exert only such powers as those granted by the Legislature and that if such agency exceeds its statutory authority, its action may be nullified

by a court. A further sound principle of law, as reflected by many decisions of this Court and other authorities, is that an administrative agency possesses, in addition to the powers expressly conferred by statute, such powers as are reasonably and necessarily implied in the exercise of its duties in accomplishing the purposes of the act. *Colvin v. State Workmen's Compensation Commissioner*, 154 W. Va. 280, 175 S.E.2d 186 (1970); *Mohr v. The County Court of Cabell County*, 145 W. Va. 377, 115 S.E.2d 806 (1960). *See, Wilhite v. Public Service Commission of West Virginia*, 150 W. Va. 747, 149 S.E.2d 273 (1966); 1 Am. Jur. 2d *Administrative Law* §§ 44 and 70.

We are confronted with the question, one of first impression in this jurisdiction, of whether the Legislature intended to grant to the West Virginia Human Rights Commission the power to award damages to victims of unlawful discrimination. "The court is not limited to the mere words of a statute or what is expressly declared therein, and that which is incidentally necessary to a full exposition of the legislative intent should be upheld as being germane to the law.... An administrative agency has, and should be accorded, every power which is indispensable to the powers expressly granted, that is, those powers which are necessarily, or fairly or reasonably, implied as an incident to the powers expressly granted." These expressions are found in 1 Am. Jur. 2d *Administrative Law* § 44 and are pertinent to the consideration of the question presented.

Human rights legislation is of relatively recent origin in this state but, as reflected by subsequent amendments thereof, the development of such legislation has been fairly rapid and has demonstrated on the part of the Legislature an intention to effectively cope with social problems arising from the practice of unfair discrimination.

The Human Rights Commission was first created in this state by an Act of the Legislature in 1961. The extent of the Commission's power was expressed in Section 1 of that Act as follows: "The commission shall

encourage and endeavor to bring about mutual understanding and respect among all racial, religious and ethnic groups within the state and shall strive to eliminate all discrimination in employment and places of public accomodation by virtue of race, creed or religious belief." No enforcement power was given to the Commission by that Act, the effect being that it was a token expression of disapproval of unfair discrimination.

Compare that Act with its replacement, Chapter 89, Acts of the Legislature, Regular Session, 1967, now embodied in *W. Va. Code*, 1931, 5-11-1 through 19, as amended. Where the former Act merely permitted the Commission to encourage understanding between various groups, the latter expressly declares certain discriminatory practices to be unlawful (*W. Va. Code*, 1931, 5-11-9, as amended) and provides procedures whereby the Commission will effectuate the purposes of the Act (*W. Va. Code*, 1931, 5-11-10, as amended). Furthermore, the 1967 Act and the amendments thereto contain a strong declaration of policy. *W. Va. Code*, 1931, 5-11-2, as amended. Therein, the Legislature declared it to be the public policy of the State of West Virginia to provide all of its citizens "equal opportunity for employment, equal access to places of public accomodations, and equal opportunity in the sale, purchase, lease, rental and financing of housing accomodations or real property." The Legislature further declared equal opportunity in the areas of employment, public accomodations, housing accomodations and real property to be a human or civil right of all persons without regard to race, religion, color, national origin or ancestry. In addition to the foregoing, the present Human Rights Act, unlike the 1961 Act, provides for meaningful measures for the enforcement of the Commission's orders.

Thus, it is readily discernible that the Legislature, by its recent enactments in the field of human rights, intended to and did provide the Commission the means with which to effectively enforce the law and meaningfully implement the legislative declaration of policy. If our society and government seriously desire to stamp

out the evil of unlawful discrimination which is symptomatic of unbridled bigotry, and we believe they do, then it is imperative that the duty of enforcement be accompanied by an effective and meaningful means of enforcement. The forceful language used by the Legislature mandates the eradication of unlawful discrimination. If this mandate is to be carried to fruition the provisions of the 1967 Human Rights Act and the amendments thereto must be given the significance intended so as to provide for meaningful enforcement.

As a preliminary consideration, in relation to the question of whether an administrative agency has the power to award damages to a victim of unlawful discrimination, we quote with approval the expression of the New Jersey Supreme Court, as follows: "Initially we may say that, at this advanced date in the development of administrative law, we see no constitutional objection to legislative authorization to an administrative agency to award, as incidental relief in connection with a subject delegable to it, money damages, ultimate judicial review thereof being available." *Jackson v. Concord Company*, 54 N.J. 113, 253 A.2d 793 (1969). *Cf. Massachusetts Commission Against Discrimination v. Franzaroli*, 256 N.E.2d 311 (1970); *Gilliam v. City of Omaha*, 331 F. Supp. 4 (1971).

Finding no constitutional objection to legislative authorization of such an award by an administrative agency, we must now determine whether the Commission is authorized under our Human Rights Act to make such award. Our basic determination must be whether the Legislature intended to extend such power to the Commission, even though it was not granted in express words. A careful examination of the provisions of *W. Va. Code*, 1931, 5-11-1 *et. seq.*, as amended, with particular reference to Section 10 thereof, leads us to believe that such power was given by implication, considering the broad language and overall design of the Act.

Section 10 of the Act provides the procedures to be followed when a complaint is filed with the Commission

charging unlawful discrimination. If, upon investigation of the charges, the Commission determines that probable cause exists for substantiating the allegations of the complaint, it will endeavor by conference, conciliation and persuasion to eliminate such unlawful practices. Should this prove ineffective, the Commission may, upon proper notice, hold a hearing at which all parties may be heard. Upon a finding that the respondent has engaged in an unlawful discriminatory practice, the Commission shall issue and cause to be served an order to cease and desist from such unlawful discriminatory practices.

Significantly, the above-code provision then authorizes the Commission, in addition to the authority to issue a cease and desist order, "to take such affirmative action, *including, but not limited to*, hiring, reinstatement or upgrading of employees, *with or without back pay* ... as in the judgment of the commission, *will effectuate the purposes of this article* ..." (emphasis supplied). Identical language is found in the New Jersey human rights act (N.J. S.A. 10:5-17), which, like our Act, incidentally, does not expressly give the Director of the Division on Civil Rights the authority to award damages to victims of unlawful discrimination. Nonetheless, the court, in *Jackson v. Concord Company, supra*, had no difficulty in finding a plain implication in the New Jersey Statute authorizing the Director to award such damages.

The term "including" in a statute is to be dealt with as a word of enlargment and this is especially so where, as in our Section 10, such word is followed by "but not limited to" the illustrations given. *Pennsylvania Human Relations Commission v. Alto-Reste Park Cemetery Association*, 453 Pa. 124, 306 A. 2d 881 (1973). *See, F.P.C. v. Corporation Commission of State of Oklahoma*, D.C. Okla., 362 F. Supp. 522 (1973); *Phelps v. Sledd*, Ky., 479 S.W.2d 894 (1972); and *St. Louis County v. State Highway Commission*, Mo., 409 S.W.2d 149 (1966).

*W. Va. Code*, 1931, 5-11-10, as amended, enumerates, as illustrations, several courses of action the Commission can take to "effectuate the purposes of this article."

As noted above, however, by the use of the term "including, but not limited to", the Legislature implies that measures, other than those specified, may be taken by the Commission in order to effectively carry out the purposes of the Act. We believe that the Legislature intended, as a further measure, that the Commission have the authority to award money damages when warranted by the evidence, such award being always subject to judicial review.

Under the provisions of Section 10 of our Human Rights Act, the Commission is specifically authorized to order the offending party in an employment discrimination case to reinstate the employee "with or without back pay". This shows that an award of money damages for economic loss was not a remedy unthought of by the Legislature. In this respect, at least, the Commission was expressly given the authority to consider economic loss to the victim of unlawful discrimination. *Jackson v. Concord Company, supra; Cf. National Labor Relations Board v. Strong,* 393 U.S. 357, 89 S. Ct. 541, 21 L. Ed. 2d 546 (1969).

A further indication that the Legislature intended to authorize the Commission to award money damages in proceedings before it is found in *W. Va. Code,* 1931, 5-11-13, as amended, designated "Exclusiveness of remedy". Therein, it is provided that when one proceeds under that article, such action is exclusive and one may not take any other action, either civil or criminal. Experience has shown that in cases involving unlawful discrimination, whether it be in the field of employment, housing accomodations or other, the victim thereof often suffers "out of pocket" monetary loss. Fairness requires and justice demands that he be .permitted to recover such loss. This he is precluded from doing if the remedy before the Commission does not allow the award of money damages.

We recognize, as did the learned trial judge, that there is no unanimity of decision among the courts on the issue under consideration. We believe, however, that those which permit the Human Rights Commission to

award money damages when warranted by the evidence are better reasoned decisions and we adhere thereto. *See, Jackson v. Concord Company, supra; Zahorian v. Russell Fitt Real Estate Agency,* 62 N.J. 399, 301 A.2d 754 (1973); and *Gilliam v. City of Omaha, supra. Contra, see, Iron Workers Local v. Hart and Iowa Civil Rights Commission,* (Iowa) 191 N.W.2d 758 (1971).

In relation to the secondary issue, alluded to in the first paragraph of this opinion, we are in agreement with the trial court and affirm its ruling. The record fails to reveal that the complainant, Charles Robinson, incurred any monetary loss. The Commission appears to have based its award of damages on his earnings per hour. However, since the record shows affirmatively that he lost no work by reason of this matter, he is entitled to no damages. Compensatory damages may be awarded by the Commission only upon proper proof of monetary loss. No such loss was shown in this case.

In view of the foregoing the judgment of the Circuit Court of Kanawha County is reversed insofar as it holds that the West Virgina Human Rights Commission is without authority to award compensatory damages to a victim of unlawful discrimination and is affirmed wherein it denies such compensatory damages and other monetary awards to the complainant in this case.

*Affirmed in part;*
*reversed in part.*

BERRY, JUSTICE, *dissenting:*

I dissent from the majority opinion wherein it states that the West Virginia Human Rights Commission has authority under the statute creating it to award compensatory damages to a victim of unlawful discrimination. There is no authority provided for in the West Virginia Human Rights Act (*Code* 5-11-1 *et seq.*), or amendments thereto, authorizing the Commission to award compensatory damages. It does specifically provide that the Commission can reinstate employees, with

or without back pay. It is true this authorization may involve a monetary award, but such awards have specific limitations whereas the majority holds that the Commission has the power and authority to make awards for compensatory damages with no limit to the amount that may be awarded. The maxim of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) is applicable in the construction of this statute.

I am of the opinion that authority to award compensatory damages by the Commission under the act would have to be specifically granted by the legislature with certain limitations set out in connection therewith.