Basil I. GRAY, Plaintiff,

v.

Bipin H. AVASHIA and Union Carbide Corporation, Defendants.

Civ. A. No. 2:85–0307.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 19, 1986.

Alfred B. McCuskey, Jr., St. Albans, W.Va., for plaintiff.

David D. Johnson & Charles M. Surber, Jr., Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Basil Gray has brought this action under the West Virginia Human Rights Act (the Act) claiming discrimination based upon sex, handicap and race in retaliation for asserting his rights under the Act. The Plaintiff earlier filed a motion to remand the case to state court from whence it was removed. The Defendant Union Carbide has opposed the motion to remand and has filed a motion for summary judgment. The Court herein memorializes its previously announced ruling on the motion to remand and decides the pending motion for summary judgment.

### I. *Background*

Basil Gray was employed by Union Carbide in 1978 as a coal operator. He is a black male. Gray injured his knee on the job in 1980. He missed some work because of the accident. He returned to work with a note from his personal physician suggesting that he be assigned to a job which did not require heavy lifting and climbing of steps. Supposedly, Union Carbide could not find him a job with those restrictions in 1982. Thus, he was discharged.

After the discharge, Gray's personal physician recommended that he be returned to his original position of coal operator. He qualified the letter of recommendation, however, with mention of an advisory to Gray that a return to work could aggravate the injury. Dr. Avashia, based upon his

independent examination, refused to lift the previously imposed restrictions upon Gray.

Gray, being a union member, pursued the matter through the grievance system established by the collective bargaining agreement. It went to a committee of three arbitrators. Their decision, announced on March 28, 1983, held that Gray, instead of being discharged, should have been placed on leave for up to twenty-four months until a job with his restrictions became open. The arbitrators did not really address the union's charge that Union Carbide had not been diligent in seeking another job for Gray. If anything, they implicitly rejected that argument.

Before the arbitrator's decision was announced, Gray returned to work at Union Carbide in a position suitable for his restrictions. Consequently, the arbitrators did not make an award. In a sense, Union Carbide's actions in returning Gray to employment were consistent with the decision of the arbitrators.

Gray was not completely pleased with his new job in the safety supply department at Union Carbide. He coveted the higher paying position of coal operator. The restrictions of Dr. Avashia still being in place, Gray was unable to regain his former position. It is these acts, or failure to act, on the part of Dr. Avashia, which form the basis of Gray's claim against him. Not being able to resume the position of coal operator,[1] Gray filed, on July 29, 1983, three separate charges against Union Carbide with the West Virginia Human Rights Commission (the Commission). He claimed that he was the subject of race, sex and "reprisal" discrimination. Earlier he had filed a claim of discrimination based upon handicap. (October 22, 1982). By a determination dated April 25, 1984, the Commission found "no probable cause" to believe that Union Carbide had engaged in unlawful discriminatory actions. Gray requested an administrative review of the decision. The Commission, in making the review,

---

1. The record reflects that Gray has since been    returned to the coal operator's position.

abided by its initial decision. It then issued a right to sue notice on November 19, 1984.

On February 19, 1985, Gray filed the instant action in the Circuit Court of Kanawha County against Dr. Avashia and Union Carbide. He alleged acts of race, sex and handicap discrimination. He also alleged that had been subjected to acts of reprisal for filing his first claim with the Commission. Union Carbide thereafter removed the action to this Court.

## II. *Discussion*

### A. *Earlier Rulings*

■ Preliminarily, the Court makes note of two earlier rulings which were announced at the pretrial conference in this action. They both were in regard to the Plaintiff's motion to remand. First, the Court ruled that this action was not preempted by the federal labor laws. It is well settled that an action brought under Title VII of the 1964 Civil Rights Act is not precluded by an earlier resort to available remedies under a collective bargaining agreement. *Alexander v. Gardner-Denver*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). The Court discerns no reason why a different rule should apply to the West Virginia Human Rights Act, an act modeled closely upon the federal scheme. *See, e.g., Sears v. Ryder Truck Rental, Inc.*, 596 F.Supp. 1001 (E.D.Mich.1984) (private action under Michigan human rights statute not preempted by federal labor law).

■ Second, the Court ruled that Bipin H. Avashia, the individual nondiverse Defendant, was "fraudulently" joined within the meaning of the removal statutes. Dr. Avashia was not named as a respondent in any of the four charges which were filed with the Commission by the Plaintiff. The procedures of the Act being exclusive when invoked, *W.Va.Code*, § 5–11–13(b), the Plaintiff cannot now add another Defendant to the action; especially when the intent of that addition is clear.[2]

Thus, although federal question jurisdiction does not exist, the Court has ruled that there is jurisdiction based upon the diversity of the parties rightfully joined to the action. The Court, therefore, has jurisdiction to address the merits of the action as required by the Defendant's extensive motion for summary judgment.

### B. *The Defendant's Summary Judgment*

■ Union Carbide assigns several grounds in support of its motion for summary judgment. The Court, however, deems it necessary to address only one of those grounds, that ground being dispositive of the entire case.

Union Carbide argues that Gray did not have a right to file this action in circuit court—or this Court—since his claims of discrimination had been decided on the merits at the administrative level. It argues that the Commission's issuance of the right to sue letter, acted upon by Gray, was improper and ought to be declared null and void by this Court. The foundation for Union Carbide's argument is found in the provision of the Act, which provides, in pertinent part, as follows:

> "The commission shall give a Complainant who has filed a complaint a notice of right to sue forthwith upon (1) the dismissal of the complaint within 180 days of the filing thereof for any reason other than a decision on the merits of the case, or (2) the expiration of a period of 180 days during which period no public hearing has been held on such complaint and the commission and the respondent have not entered into a conciliation agreement to which the complainant is a party: Provided, that the commission shall also give the complainant notice of a right to sue in any case in which, after the expiration of one year, the complaint has not been determined on its merits or a conciliation agreement entered into to which the complainant is a party."

2. Dr. Avashia has also filed a motion to dismiss the Plaintiff's complaint as to him. Inasmuch as the Court has ruled that Avashia is not prop-

erly a party to this action, his motion will be granted.

*W.Va. Code,* § 5–11–13(b) (Cum.Supp. 1985). From this statutory provision, Union Carbide evinces a legislative intent to provide for the issuance of a right to sue letter only if there has been no decision on the merits or no conciliation agreement reached by the Commission.

The Court finds ample support for Union Carbide's position in the few West Virginia cases discussing the Act. In *Allen v. State Human Rights Commission,* 324 S.E.2d 99 (W.Va.1984), the West Virginia Supreme Court of Appeals' most exhaustive examination of the Act, the Court acknowledged the special role of the Commission to adjudicate discrimination claims:

"The Legislature has established the Human Rights Commission as an alternative to the prosecution of claims of unlawful discrimination through more expensive and time-consuming judicial proceedings. Therefore, the entire structure and function of the Human Rights Commission is designed to achieve the goal of a relatively inexpensive and expeditious administrative quasi-judicial proceeding."

*Id.* at 112. In an earlier case, *Currey v. State Human Rights Commission,* 273 S.E.2d 77 (W.Va.1980), the West Virginia court had held that a plaintiff, in choosing "the state agency designed to ameliorate her complaint, [was] precluded by statute from going elsewhere." *Id.* at 80. Moreover, in the recent decision of *Price v. Boone County Ambulance Authority,* 337 S.E.2d 913 (W.Va.1985), the West Virginia court held that the procedures of the Act were exclusive when invoked and that a direct judicial action and an administrative complaint were "mutually exclusive."

The *Price* court also took note of recent amendments to the Act which added the provisions regarding right to sue letters. According to the court, the right to sue letter is "a mechanism for transferring a case to circuit court for resolution," *Id.* at 915, when the administrative route proves to be too slow. This interpretation of the statute, as amended, is borne out by the literal language of *W.Va. Code,* § 5–11–13(b), quoted *supra.*

The Plaintiff, in opposition to the Defendant's motion, argues that "[r]egardless of defendant's contentions that the Commission had no statutory power to issue said notice, it was issued to plaintiff and is a form regularly used by the Commission in actions of this nature." Plaintiff's memorandum at unnumbered page 3. This observation by the Plaintiff sidesteps the Defendant's argument and ignores the settled West Virginia doctrine that acts of a state agency outside its statutory grant of authority are null and void.

In *Mountaineer Disposal Service, Inc. v. Dyer,* 156 W.Va. 766, 197 S.E.2d 111 (1973), the court held that state agencies' "power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim. They have no general or common law powers but only such as have been conferred upon them by law expressly or by implication." *Id.* at 772, 197 S.E.2d at 115 (quoting *Walter v. Ritchie,* 156 W.Va. 98, 104, 191 S.E.2d 275, 279 (1972). The West Virginia Court very recently reaffirmed that doctrine and expressed itself by quoting the strong language of an earlier opinion:

"A state or one of its political subdivisions is not bound by the legally unauthorized acts of its officers; and all persons must take note of the legal limitations upon their power and authority." *West Virginia Public Employer Insurance Board v. Blue Cross Hospital Service, Inc.,* 328 S.E.2d 356, 360 (W.Va.1985) (quoting *Cunningham v. County Court of Wood County,* 148 W.Va. 303, 310, 134 S.E.2d 725, 729 (1964)). The Commission having no authority to issue the right to sue letter, it is consequently void and of no effect.

As the Defendant points out, the proper route for the Plaintiff to follow in seeking review of the Commission's final decision on the merits was to have appealed to the Circuit Court under the West Virginia Administrative Procedures Act (APA), *W.Va. Code,* § 29A–5–4. In *Currey v. State Human Rights Commission,* 273 S.E.2d 77

**964**

(W.Va.1980), the court implicitly recognized that the decisions of the Commission fall within the purview of the APA. *See also West Virginia Human Rights Commission v. United Transportation, Union, etc.*, 280 S.E.2d 653 (W.Va.1981). The APA, however, carries a thirty-day limitation period for gaining judicial review of an administrative contested case. Thirty days having long passed, the Plaintiff is unfortunately barred from taking this route.

In an attempt to show the inapplicability of the APA, the Plaintiff quotes a portion thereof which reads as follows:

"Any party adversely affected by a final order or decision in a contested case is entitled to judicial review thereof under this chapter, but nothing in this chapter shall be deemed to prevent other means of review, redress or relief provided by law."

*W.Va. Code*, § 29A–5–4(a) (1980).

This section does not take the Plaintiff's action outside the APA, however. The Court has discussed above the reasons why the Plaintiff does not have another means of review provided by law. The language of the quoted section, meant to preserve alternative routes of review, has nothing in this instance to preserve.

### III. *Conclusion*

For the foregoing reasons, the Court grants the Defendant's motion for summary judgment. An Order will issue entering judgment for the Defendant and removing this action from the docket of the Court.