No. 16-0848 – *Henry Metz v. Eastern Associated Coal, LLC*

**FILED**
**April 12, 2017**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, Justice, concurring, in part, and dissenting, in part, joined by Justice Workman:

With the majority's holding in new Syllabus point 2, I readily concur. Establishing the operative date from which the statute of limitations begins to run in an employment discrimination case alleging failure to hire as the date upon which an employee plaintiff first learns of the employer's adverse employment decision giving rise to such claim is consistent with this Court's prior decisions in similar cases. *See, e.g.*, Syl. pt. 1, *Jones v. Trustees of Bethany Coll.*, 177 W. Va. 168, 351 S.E.2d 183 (1986) ("The statute of limitations ordinarily begins to run when the right to bring an action for personal injuries accrues which is when the injury is inflicted."); Syl. pt. 2, *Steeley v. Funkhouser*, 153 W. Va. 423, 169 S.E.2d 701 (1969) ("The general rule is that a statute of limitations commences to run on a cause of action when the right to institute an action thereon arises."); *State ex rel. Magun v. Sharp*, 143 W. Va. 594, 599, 103 S.E.2d 792, 796 (1958) ("The statute of limitations as to a cause of action commences to run at the time of the accrual thereof.").

However, I simply cannot agree with the majority's adoption of new Syllabus point 3. This holding unnecessarily distinguishes between causes of action based upon statutory rights and those sounding strictly in tort, with no statutory underpinnings, as a

1

means for rejecting application of the discovery rule to claims alleging discriminatory failure to hire.  Moreover, the majority's decision of this issue fails to reconcile the remedial intent of the Human Rights Act with the benevolent tolling provisions of the discovery rule. Accordingly, from this portion of the majority's opinion, I respectfully dissent.

First, I do not agree with the majority's adoption of Syllabus point 3 because the majority's rejection of the discovery rule in employment discrimination cases alleging failure to hire simply because such cause of action is recognized by statute is preposterous. This Court has applied the discovery rule in a myriad of other cases whose rights of recovery are inextricably intertwined with statutory law.  *See, e.g.*, Syl. pt. 5, *Sheena H. ex rel. Russell H. ex rel. L.H. v. Amfire, LLC*, 235 W. Va. 132, 772 S.E.2d 317 (2015) (claim for workers' compensation dependent's death benefits provided by Worker's Compensation Act); Syl. pts. 7 & 8, *Bradshaw v. Soulsby*, 210 W. Va. 682, 558 S.E.2d 681 (2001) (cause of action arising under Wrongful Death Act).  *See also Clark v. Milam*, 192 W. Va. 398, 452 S.E.2d 714 (1994) (discovery rule applies to action filed by receiver of insolvent insurance company acting pursuant to authority conferred by West Virginia Insurance Code).  Thus, the fact that Mr. Metz's claims against EAC come within the purview of rights and protections secured by the West Virginia Human Rights Act does not provide sufficient justification to categorically reject application of the discovery rule to this right of recovery.

2

Moreover, denial of the discovery rule's application to claims filed pursuant to the Human Rights Act directly contradicts the Act's own beneficent purposes. In its promulgation of the Act, the Legislature expressly has stated that the Human Rights Act is benevolent and that its provisions should be construed so as to afford relief to all citizens of this State, including employees who are the victims of their employers' discriminatory employment practices. *See generally* W. Va. Code § 5-11-2 (1998) (Repl. Vol. 2013) (declaring human rights public policy); W. Va. Code § 5-11-4 (2001) (Repl. Vol. 2013) (establishing powers and objectives of Human Rights Commission). This Court, also, has acknowledged the remedial purposes of the Act and has construed and applied it consistently with this definitive legislative intent. *See, e.g.*, *Skaggs v. Elk Run Coal Co., Inc.*, 198 W. Va. 51, 64, 479 S.E.2d 561, 574 (1996) (recognizing "remedial provisions" of Human Rights Act); *State ex rel. West Virginia Human Rights Comm'n v. Pauley*, 158 W. Va. 495, 499-500, 212 S.E.2d 77, 79 (1975) (acknowledging "[t]he forceful language used by the Legislature [in the Human Rights Act] mandates the eradication of unlawful discrimination"). By the same token, the discovery rule secures an injured plaintiff's right of recovery when, through no fault of his/her own, said plaintiff does not know, or reasonably should know, within the statutory limitations period the nature of his/or injury, the tortfeasor, and/or the tortfeasor's wrongful conduct that caused such injury; a tortfeasor's concealment of his/her misfeasance also operates to toll the applicable statute of limitations. *See generally* Syl. pt. 2, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009) ("The 'discovery rule' is generally

applicable to all torts, unless there is a clear statutory prohibition to its application."); *Harris v. Jones*, 209 W. Va. 557, 562, 550 S.E.2d 93, 98 (2001) (per curiam) ("The purpose of a 'discovery rule' is the recognition of the inherent unfairness of barring a claim when a party's cause of action could not have been recognized until after the ordinarily applicable period of limitation."). *See also* Syl. pt. 5, *Dunn*, 225 W. Va. 43, 689 S.E.2d 255 (adopting analysis to determine timeliness of cause of action); Syl. pt. 4, *Gaither v. City Hosp., Inc.*, 199 W. Va. 706, 487 S.E.2d 901 (1997) (describing when statute of limitations begins to run when it has been tolled by discovery rule).

It is simply incongruous to recognize the Human Rights Act as remedial legislation on the one hand and to deny the citizens of this State who seek to enforce their statutory rights thereunder the benefit of the discovery rule to ensure that they are permitted to maintain such claims. Neither does it make sense to categorically exclude employment discrimination claims for failure to hire from the purview of the discovery rule simply because they enforce rights secured by statute. I cannot condone the creation and endorsement of such inconsistent principles of law that surely will beget much confusion for the citizens of this State as well as the attendant loss of their statutorily-guaranteed protection from unlawful discrimination. Accordingly, from the majority's adoption of Syllabus point 3 and the discussion surrounding this holding in the majority's opinion, I respectfully dissent.

4

I am authorized to state that Justice Workman joins me in this separate opinion.