Albright, J., filed a concurring opinion in which McGraw, J., joined.

591 S.E.2d 277

**Larry McDANIEL, Petitioner Below, Appellee,**

v.

**WEST VIRGINIA DIVISION OF LABOR, Respondent Below, Appellant.**

**L. Dean Schwartz and Michael Johnston, Petitioners Below, Appellees,**

v.

**West Virginia Division of Labor, Respondent Below, Appellant.**

Nos. 31272, 31273.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 8, 2003.

Decided Dec. 4, 2003.

Concurring Opinion of Justice Albright Dec. 8, 2003.

Darrell V. McGraw, Jr., Esq., Attorney General, Katherine A. Campbell, Esq., Assistant Attorney General, Shirley Skaggs, Esq., Assistant Attorney General, Charleston, for the Appellant, West Virginia Division of Labor.

George J. Cosenza, Esq., Cosenza, Merriman & Wolf, PLLC, Parkersburg, for the Appellee, Larry McDaniel.

Joseph M. Brown, Esq., Parkersburg, for the Appellees, L. Dean Schwartz and Michael Johnston.

DAVIS, Justice.

The appellant herein, and respondent below, the West Virginia Division of Labor [hereinafter referred to as "the Division" or "Division of Labor"], appeals from two orders entered by the Circuit Court of Wood County. In Case Number 31272, the Division appeals from the circuit court's July 10, 2002, order finding that the appellee herein, and petitioner below, Larry McDaniel [hereinafter referred to as "Mr. McDaniel"], was not a director or officer of MCDI and therefore was not liable to MCDI's former employees under the West Virginia Wage Payment and Collection Act, W. Va.Code § 21–5–1, *et seq.* In Case Number 31273, the Division appeals from the circuit court's July 10, 2002, order ruling that (1) the appellees herein, and petitioners below, L. Dean Schwartz [hereinafter referred to as "Mr. Schwartz"] and Michael Johnston [hereinafter referred to as "Mr. Johnston"], were officers of MCDI and, thus, liable to MCDI's former employees, but that (2) the hearing examiner lacked the authority to award damages occasioned by their actions.

By order entered October 8, 2003, the Court consolidated these cases "for purposes of consideration and decision." Upon a review of the arguments of the parties, the appellate record, and the pertinent authorities, we affirm the circuit court's rulings in both Case Number 31272 and Case Number 31273.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The instant appeals originated in January,

2001, when three former employees[1] of MCDI[2] requested the appellant herein, the West Virginia Division of Labor, to conduct a wage and payment collection investigation[3] for wages and reimbursable business expenses to which they claimed to be entitled following MCDI's cessation of business on December 19, 2000.[4] The appellees herein were all upper level employees of MCDI: appellee Larry McDaniel served on MCDI's board of directors, as president of McDaniel, Inc., and was a shareholder in McDaniel, Inc.; appellee L. Dean Schwartz was MCDI's senior vice-president and charged with overseeing the company's general operations; and Michael Johnston supervised residential appraisers at both MCDI and McDaniel, Inc. and served on MCDI's board of directors.[5] Following the Division's preliminary investigation, it was determined that MCDI owed its former employees approximately $27,510.68 for unpaid wages from November 9, 2000, through December 19, 2000, and approximately $14,229.19 in reimbursable business expenses for this same time period. Additionally, MCDI was found to be liable for another $47,721.16 in liquidated damages[6] resulting from its nonpayment of said wages.

In accordance with its administrative procedure in such matters, the Division contacted MCDI and requested payment of these sums on behalf of the former employees.

MCDI responded by requesting a meeting with the Division to dispute the amount of compensation it allegedly owed. Because no resolution was reached during the parties' March 7, 2001, meeting, the matter was scheduled for an administrative hearing before the West Virginia Division of Labor. Following hearings on the matter, the Division's hearing examiner, by recommended order entered March 22, 2002, determined that

> McDaniel, Inc. individually and doing business as MCDI is liable to its employees for the wages, expenses and the liquidated damages claimed.

According to Syllabus Point 1[,] [i]n *Mullins v. Venable,* [171 W.Va. 92], 297 S.E.2d 866 ( [W].Va.1982):

> An officer in the management of a corporation who knowingly permits the corporation to violate the provisions of the Wage Payment and Collection Act, W. Va.Code §§ 21–5–1 through 21–5–16 (1981 Replacement Vol.), may be held personally liable for unpaid wages, fringe benefits, and liquidated damages under W. Va.Code § 21–5–4.

By the testimony and documents submitted in this hearing it is also clear that Larry M. McDaniel, L. Dean Schwartz, and Michael R. Johnston are responsible

---

1. Ultimately, it was determined that all fifteen former employees of MCDI were entitled to such compensation, including appellees, Schwartz and Johnston.

2. MCDI is the registered trade name of McDaniel, Inc.

3. The Wage Payment and Collection Act grants the Division of Labor authority to pursue wage payment claims on behalf of aggrieved employees. *See* W. Va.Code § 21–5–12(a) (1975) (Repl. Vol.2002) ("Any person whose wages have not been paid in accord with this article, or the commissioner [of labor] or his designated representative, upon the request of such person, may bring any legal action necessary to collect a claim under this article. With the consent of the employee, the commissioner shall have the power to settle and adjust any claim to the same extent as might the employee."). *See also Perry v. Barker,* 169 W.Va. 531, 539, 289 S.E.2d 423, 428 (1982) (observing that "[t]he Wage Payment and Collection Act ... provides that '[t]he com-

missioner *shall* enforce and administer the provisions of this article' " (quoting W. Va.Code § 21–5–11) (emphasis in original)).

4. MCDI was engaged in the business of commercial and residential real estate appraisals and ceased operations in conjunction with its bankruptcy filing.

5. It appears, also, that during the Division's investigation it determined Mr. Johnston to be the treasurer of MCDI.

6. "If a person, firm or corporation fails to pay an employee wages as required under this section, such person, firm or corporation shall, in addition to the amount due, be liable to the employee for liquidated damages in the amount of wages at his regular rate for each day the employer is in default, until he is paid in full, without rendering any service therefor: Provided, however, That he shall cease to draw such wages thirty days after such default[.]" W. Va.Code § 21–5–4(e) (1975) (Repl.Vol.2002).

for the wages, expenses and liquidated damages not paid.

The hearing examiner then held that

the Division's finding that the back wages due to the claimants in the total amount of $27,510.68, plus expenses in the amount of $14,229.19 plus liquidated damages in the amount of $47,721.16 is AFFIRMED and that the respondent McDaniel, Inc. d/b/a MCDI and the responsible individuals Larry M. McDaniel, L. Dean Schwartz, and Michael R. Johnston are found to be jointly and severally liable for payment of the said wages and damages and are hereby ORDERED to pay the same to the Division within 30 days of entry of this Order by the Commissioner.

Following this adverse decision, the appellees herein, McDaniel, Schwartz, and Johnston, appealed to the circuit court pursuant to W. Va.Code § 29A–5–4 (1998) (Repl.Vol.2002).[7]

By order entered July 10, 2002, the circuit court ruled, as to Mr. McDaniel, that

it is the opinion of the court that the findings concerning Larry McDaniel are clearly wrong in view of the reliable and probative evidence on the whole record and the commissioner's order is, therefore, Reversed. There is no probative evidence that he was and remained a director or officer of the corporation at the time in question[ ] nor that he *"knowingly permitted"* the violation of the statute.

In a separate order, also entered July 10, 2002, the circuit court ruled, as to Mr. Schwartz and Mr. Johnston, that

It appears that there is authority for the administrative agency to hold hearings and investigate matters in order to determine whether any person has violated any provision of the Wage Payment and Collection Act. In furtherance thereof the agency has power to subpoena and examine witnesses under oath. W. Va.Code, § 21–5–11 (Michie 1996); [W. Va.Code §§ ] 29A–5–1 through 3 (Michie 1998).

However, although such administrative remedies must be exhausted before actions in court are instituted, such agencies are not authorized to award damages. There is nothing in the legislation to such effect. *See Bank of Wheeling v. Morris Plan Bank[ & Trust Co.],* 155 W.Va. 245, 183 S.E.2d 692 (1971).

The findings of the commissioner with respect to Dean Schwartz and Michael J. Johnston appear to be supported by the evidence on the record and the commissioner's order is, therefore, Affirmed, except to the extent that it purports to award damages, to which extent it is hereby Reversed.

From these decisions, the Division appeals to this Court.

## II.

### STANDARD OF REVIEW

■ On appeal to this Court, the Division contests the circuit court's review of the hearing examiner's decision. Pursuant to the West Virginia Administrative Procedures Act, a reviewing circuit court

may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision or order are:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va.Code § 29A–5–4(g) (1998) (Repl.Vol. 2002). *Accord* Syl. pt. 1, *St. Mary's Hosp. v. State Health Planning & Dev. Agency,* 178 W.Va. 792, 364 S.E.2d 805 (1987); Syl. pt. 2,

---

**7.** The pertinent language of W. Va.Code § 29A–5–4 (1998) (Repl.Vol.2002) provides, in subsection (h), that "[t]he judgment of the circuit court shall be final unless reversed, vacated or modified on appeal to the supreme court of appeals of this state in accordance with the provisions of section one [§ 29A–6–1], article six of this chapter."

*Shepherdstown Volunteer Fire Dept. v. State ex rel. State Human Rights Comm'n,* 172 W.Va. 627, 309 S.E.2d 342 (1983).

Thereafter,

> [o]n appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va.Code § 29A–5–4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. pt. 1, *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996). *Accord* Syl. pt. 2, *Walker v. West Virginia Ethics Comm'n,* 201 W.Va. 108, 492 S.E.2d 167 (1997). *See also* Syl. pt. 1, *Wheeling–Pittsburgh Steel Corp. v. Rowing,* 205 W.Va. 286, 517 S.E.2d 763 (1999) ("Under the West Virginia Administrative Procedures Act, W. Va.Code ch. 29A, appellate review of a circuit court's affirmance of agency action is *de novo,* with any factual findings made by the lower court in connection with alleged procedural defects being reviewed under a clearly erroneous standard.").

Mindful of these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

The parties to the instant proceedings have presented various issues for our deliberation and determination. We will consider each of these assignments of error in conjunction with the appeal to which it relates.[8]

### A. Case Number 31272: Mr. McDaniel

In its appeal of this case, the Division assigns error to the circuit court's ruling finding that Mr. McDaniel was not a director or officer of MCDI and, thus, that he was not liable to MCDI's former employees under the Wage Payment and Collection Act. On this point, the hearing examiner determined the evidence to be sufficient to find that Mr. McDaniel was an officer of MCDI and that he, therefore, was liable for payment of MCDI's unpaid "wages, expenses and liquidated damages." Reviewing this ruling, the circuit court conversely determined that

> the [hearing examiner's] findings concerning Larry McDaniel are clearly wrong in view of the reliable and probative evidence on the whole record .... There is no probative evidence that he was and remained a director or officer of the corporation at the time in question[ ] nor that he *"knowingly permitted"* the violation of the statute.

On appeal to this Court, the Division urges that the circuit court erred in rendering this ruling and that the hearing examiner's decision finding Mr. McDaniel was an officer of MCDI should be reinstated. Mr. McDaniel, however, asserts that the circuit court cor-

---

**8.** In both cases, the Division additionally contends that the circuit court erred by concluding, during its hearing on the matter, that the Division did not have jurisdiction to pursue the wage payment claims underlying the instant appeals. Upon the entry of its final orders in these two cases, however, the court recognized that

> [i]t appears that there is authority for the administrative agency to hold hearings and investigate matters in order to determine whether any person has violated any provision of the Wage Payment and Collection Act. In furtherance thereof the agency has power to subpoena and examine witnesses under oath. W. Va.Code, § 21–5–11 (Michie 1996); [W. Va.Code §§ ] 29A–5–1 through 3 (Michie 1998).

Although the Division acknowledges that the circuit court included the above-quoted language in its orders, it nevertheless assigns error to the circuit court's initial ruling. As the relief the Division now seeks has already been granted to it by the circuit court via its written orders in these cases, and finding no error with these rulings, we will not further address this argument as nothing remains for this Court to resolve. *See State ex rel. Kaufman v. Zakaib,* 207 W.Va. 662, 671, 535 S.E.2d 727, 736 (2000) ("[A] court speaks only through its orders." (citations omitted)); *State v. White,* 188 W.Va. 534, 536 n. 2, 425 S.E.2d 210, 212 n. 2 (1992) ("[H]aving held that a court speaks through its orders, we are left to decide this case within the parameters of the circuit court's order." (citations omitted)). *See also* Syl. pt. 2, *Harshbarger v. Gainer,* 184 W.Va. 656, 403 S.E.2d 399 (1991) (" 'Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes. The pleadings and evidence must present a claim of legal right asserted by one party and denied by the other before jurisdiction of a suit may be taken.' *Mainella v. Board of Trustees of Policemen's Pension or Relief Fund of City of Fairmont,* 126 W.Va. 183, 185–86, 27 S.E.2d 486, 487–88 (1943).").

·rectly reversed the hearing examiner's decision.

■ The Wage Payment and Collection Act specifically defines an "officer" to "include officers or agents in the management of a corporation or firm, who knowingly permit the corporation or firm to violate the provisions of this article." W. Va.Code § 21–5–1(h) (1987) (Repl.Vol.2002). In *Mullins v. Venable*, 171 W.Va. 92, 297 S.E.2d 866 (1982), we interpreted this provision to mean that corporate officers could be held personally liable for their corporation's failure to pay wages and other compensation to its employees:

> An officer in the management of a corporation who knowingly permits the corporation to violate the provisions of the Wage Payment and Collection Act, W. Va.Code §§ 21–5–1 through 21–5–16 (1981 Replacement Vol.), may be held personally liable for unpaid wages, fringe benefits, and liquidated damages under W. Va.Code § 21–5–4.[9]

Syl. pt. 1, 171 W.Va. 92, 297 S.E.2d 866 (footnote added). *Accord West Virginia–Ohio Valley Area IBEW Welfare Fund v. Ball Elec. Co., Inc.*, 685 F.Supp. 953, 954 (S.D.W.Va.1988) (mem.op.); Syl. pt. 5, *Britner v. Medical Sec. Card, Inc.*, 200 W.Va. 352, 489 S.E.2d 734 (1997) (per curiam). In rendering its ruling, the circuit court found that the evidence did not support a finding that Mr. McDaniel "knowingly permitted"[10] MCDI to violate the payment provisions of the Wage Payment and Collection Act, and, therefore, that he was not an officer subject to personal liability for MCDI's nonpayment.

■ As we previously noted, our review of a circuit court's findings of fact in the context of an administrative proceeding is deferential. Syl. pt. 1, in part, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518. In other words, we will not reverse a circuit court's evidentiary determinations unless such findings are clearly wrong. *See also* Syl. pt. 1, *Francis O. Day Co., Inc. v. Director, Div. of Envtl. Prot. of the West Virginia Dep't of Commerce, Labor & Envtl. Res.*, 191 W.Va. 134, 443 S.E.2d 602 (1994) ("Evidentiary findings made at an administrative hearing should not be reversed unless they are clearly wrong."). "The 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. pt. 3, *In re Queen*, 196 W.Va. 442, 473 S.E.2d 483 (1996).

■ From the facts before us, we do not find that the circuit court was clearly wrong in concluding that Mr. McDaniel was not a corporate officer of MCDI during the period at issue in this case. The record evidence clearly indicates that Mr. McDaniel had not been an integral part of MCDI's management since he tendered his resignation as president of McDaniel, Inc., on January 10, 2000.[11] Although MCDI's Board of Directors refused to accept Mr. McDaniel's resignation as the company's president, it nevertheless acknowledged that Mr. McDaniel's actions in tendering his resignation marked the end of his employment with the company since he was asked to immediately clean out his desk and vacate the premises. There further is no indication that, following Mr.

9. W. Va.Code § 21–5–4 (1975) (Repl.Vol.2002) establishes various time periods within which an employer must pay compensation to his/her employees. *See* W. Va.Code §§ 21–5–4(b–d). If an employer fails to make payment within the prescribed time, he/she is additionally required to pay the uncompensated employee liquidated damages "in the amount of wages at [the employee's] regular rate for each day the employer is in default, until [the employee] is paid in full[.]" W. Va.Code § 21–5–4(e).

10. In *Mullins v. Venable*, 171 W.Va. 92, 95 n. 2, 297 S.E.2d 866, 870 n. 2 (1982), we construed the phrase "knowingly permits" as meaning "to allow with personal information or allow by virtue of a position in which the person should have known." (Internal quotations and citation omitted). *See also* Syl. pt. 1, *State v. Wyatt*, 198 W.Va. 530, 482 S.E.2d 147 (1996) ("A person acts knowingly with respect to a material element of an offense when: (1) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and (2) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.").

11. The resignation which Mr. McDaniel tendered to MCDI's Board of Directors in January, 2000, was to take effect on March 1, 2000.

McDaniel's departure, he participated in the management of MCDI.

It is clear to us, then, that while Mr. McDaniel may have remained MCDI's president in name until it ceased operations on December 19, 2000, Mr. McDaniel did not possess, or exercise, the powers associated with said office during the period at issue in this case. Furthermore, despite Mr. McDaniel's appearance at the Board's meeting in December, 2000, during which MCDI's bleak financial status was discussed, it does not seem that Mr. McDaniel actually participated in such meetings so as to be held to have "knowingly permitted" MCDI to shirk its obligations to its employees under the Wage Payment and Collection Act. Because we find that the circuit court correctly determined that Mr. McDaniel was not an officer of MCDI and thus was not subject to liability under the Wage Payment and Collection Act, we affirm the circuit court's ruling in this regard.

### B. Case Number 31273: Mr. Schwartz and Mr. Johnston

In this case, the Division assigns error to the circuit court's finding that the Division did not have the authority to award damages for Schwartz's and Johnston's violations of the Wage Payment and Collections Act. In rendering its decision herein, the hearing examiner specifically found that Mr. Schwartz and Mr. Johnston [12] "are responsible for the wages, expenses and liquidated damages not paid." Consistent with this ruling, the hearing examiner further determined that Mr. Schwartz and Mr. Johnston [13] are "jointly and severally liable for payment of the said wages and damages and are here-

by ORDERED to pay the same to the Division[.]" [14] Reviewing this decision, the circuit court concluded that

> although ... administrative remedies must be exhausted before actions in court are instituted, such agencies are not authorized to award damages. There is nothing in the legislation to such effect. *See Bank of Wheeling v. Morris Plan Bank[ & Trust Co.]*, 155 W.Va. 245, 183 S.E.2d 692 (1971).

> The findings of the commissioner with respect to Dean Schwartz and Michael J. Johnston appear to be supported by the evidence on the record and the commissioner's order is, therefore, Affirmed, except to the extent that it purports to award damages, to which extent it is hereby Reversed.

On appeal to this Court, the Division argues that the circuit court erred by ruling that the hearing examiner lacked the authority to award damages. By contrast, Mr. Schwartz and Mr. Johnston contend that not only does the circuit court's ruling relieve them of the hearing examiner's order to pay damages, but it also absolves them of any liability whatsoever, regardless of whether they "knowingly permitted" MCDI to violate the provisions of the Wage Payment and Collection Act.

■ The issue presented by this appeal is one of first impression. Although this Court previously has examined tangential issues regarding the authority of administrative agencies to award damages in the context of the exhaustion of administrative remedies [15] and in cases in which the Legislature has expressly delegated [16] such power to or implic-

---

**12.** It should be noted that the hearing examiner additionally found Mr. McDaniel to be liable as an officer of MCDI. However, based upon our disposition of Case Number 31272 in Section III.A., *supra*, we will limit our discussion of the hearing examiner's decision in the present case to the parties at issue herein, *i.e.*, Mr. Schwartz and Mr. Johnston.

**13.** *See supra* note 12.

**14.** The damages referenced by the hearing examiner included "back wages due to the claimants [former employees of MCDI] in the total amount of $27,510.68, plus expenses in the amount of $14,229.19 plus liquidated damages in the amount of $47,721.16."

**15.** *See* Syl. pt. 3, *Bank of Wheeling v. Morris Plan Bank & Trust Co.*, 155 W.Va. 245, 183 S.E.2d 692 (1971) ("The rule of exhausting administrative remedies before actions in courts are instituted is applicable, *even though the administrative agency cannot award damages* if the matter is within the jurisdiction of the agency." (emphasis added)).

**16.** *See, e.g.*, Syl. pt. 1, in part, *Colvin v. State Workmen's Comp. Comm'r*, 154 W.Va. 280, 175 S.E.2d 186 (1970) (holding that "the powers of the State Workmen's Compensation Commissioner are granted and limited by pertinent statutes [and that] a claimant has a right to receive benefits and *the commissioner is authorized to*

itly conferred [17] such authority on the agency in question, we have yet to address the narrow issue presently before us as to whether, generally speaking, an administrative agency, namely the Division of Labor, [18] may award damages [19] during an administrative proceeding.

We previously have examined the scope of agency authority and have held

[a]dministrative agencies and their executive officers are creatures of statute and delegates of the Legislature. Their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim. They have no general or common-law powers but only such as have been conferred upon them by law expressly or by implication.

Syl. pt. 3, *Mountaineer Disposal Serv., Inc. v. Dyer*, 156 W.Va. 766, 197 S.E.2d 111 (1973). *Accord* Syl. pt. 3, *Appalachian Reg'l Health Care, Inc. v. West Virginia Human Rights Comm'n*, 180 W.Va. 303, 376 S.E.2d 317 (1988); 2 Am.Jur.2d *Administrative Law* § 24, at 47 (1994); 1A Michie's Jurisprudence *Administrative Law* § II.3, at 231–32 (Repl.Vol.1993).

Correspondingly, administrative agencies also possess "such powers as are reasonably and necessarily implied in the exercise of their duties in accomplishing the purposes of the act." *State Human Rights Comm'n v. Pauley*, 158 W.Va. 495, 498, 212 S.E.2d 77, 78 (1975) (citations omitted). *Accord Colvin v. State Workmen's Comp. Comm'r*, 154 W.Va. at 289–90, 175 S.E.2d at 192–93; 1A Michie's Jurisprudence *Administrative Law* § II.3, at 233. However, "[a]lthough an express grant of powers will be determined to include such other powers as are necessarily or reasonably incident to the powers granted, the powers should not be extended by implication beyond what may be necessary for their just and reasonable execution." *Walter v. Ritchie*, 156 W.Va. 98, 108, 191 S.E.2d 275, 281 (1972) (citations omitted). Thus, "[w]hen a court is asked to find implied powers in a grant of legislative or executive authority it must assume that the lawmakers intended to place no greater restraint on the liberties of a citizen than was clearly and unmistakenly indicated by the language they used." *Id.* (citation omitted).

As to the specific matter of damages, we have observed that " 'we see no

*award and to pay benefits to a claimant only as authorized by statute "* (emphasis added)).

**17.** *See, e.g.,* Syl., *State Human Rights Comm'n v. Pearlman Realty Agency*, 161 W.Va. 1, 239 S.E.2d 145 (1977) ("The West Virginia Human Rights Commission as part of its cease and desist orders may award to complainant incidental damages as compensation for humiliation, embarrassment, emotional and mental distress, and loss of personal dignity, without proof of monetary loss. *W. Va.Code,* 5–11–8."); Syl. pt. 1, *State Human Rights Comm'n v. Pauley*, 158 W.Va. 495, 212 S.E.2d 77 (1975) ("Under the authority granted by the Human Rights Act, as provided in *W. Va.Code,* 1931, 5–11–1, *et seq.,* as amended, the Human Rights Commission may make an award of monetary damages to a victim of unlawful discrimination as defined in that Act.").

**18.** "Agency" is defined by the West Virginia Administrative Procedures Act as "any state board, commission, department, office or officer authorized by law to make rules or adjudicate contested cases, except those in the legislative or judicial branches." W. Va.Code § 29A–1–2(a) (1982) (Repl.Vol.2002). As the Division of Labor is not specifically exempted from the operation of the Administrative Procedures Act, it is, thus,

an agency subject to the provisions thereof. *Cf.* W. Va.Code § 29A–5–5 (1991) (Repl.Vol.2002) (specifically exempting from "Contested Cases" Article of Administrative Procedures Act "the workers' compensation fund, the bureau of employment programs, the state tax commissioner, the state road commissioner [commissioner of highways], the state road commission [division of highways], and the teachers' retirement board").

**19.** We appreciate the distinction between awards of unpaid wages, as defined by W. Va.Code § 21–5–1(c) (1987) (Repl.Vol.2002), and statutory liquidated damages, authorized by W. Va.Code § 21–5–4(e) (1975) (Repl.Vol.2002). *See generally Taylor v. Mutual Mining, Inc.*, 209 W.Va. 32, 543 S.E.2d 313 (2000) (per curiam) (differentiating between back pay or wages and liquidated damages); *Conrad v. Charles Town Races, Inc.*, 206 W.Va. 45, 521 S.E.2d 537 (1998) (same). However, for ease of reference within the confines of this Opinion, we will use the term "damages" to collectively refer to any and all compensation to which an aggrieved employee may be entitled under the Wage Payment and Collection Act as both types of awards are at issue herein and such a distinction is not instructive to our consideration of the matter.

constitutional objection to legislative authorization to an administrative agency to award, as incidental relief in connection with a subject delegable to it, money damages, ultimate judicial review thereof being available.'" *Pauley,* 158 W.Va. at 500, 212 S.E.2d at 79–80 (quoting *Jackson v. Concord Co.,* 54 N.J. 113, 126, 253 A.2d 793, 800 (1969) (citation omitted)) (additional citations omitted). It goes without saying, then, that the Legislature may expressly authorize an administrative agency to award damages or that such power may be implicitly recognized as an integral part of the agency's function. Apart from these two scenarios, though, "an administrative agency has no power and may not determine damages and award a personal money judgment therefor." *Woods v. Midwest Conveyor Co., Inc.,* 231 Kan. 763, 770, 648 P.2d 234, 241 (1982) (citations omitted), *superseded by statute on other grounds as stated in Kansas Human Rights Comm'n v. Dale,* 25 Kan.App.2d 689, 968 P.2d 692 (1998).

Looking to the statutes imbuing the Division of Labor with the power to administer the Wage Payment and Collection Act, we find nothing to indicate that the Legislature intended to vest, either expressly or impliedly, the Division with the authority to award damages. Although the governing statutes expressly authorize the Division to investigate claims,[20] initiate proceedings therein,[21] subpoena witnesses to gather evidence with regard thereto,[22] and generally to administer the provisions of the Wage Payment and Collection Act,[23] there is no indication, in either the Wage Payment and Collection Act itself or in its clarifying regulations, that the

Division may similarly determine and/or award damages in such proceedings. *See* W. Va.Code § 21–5–1, *et seq.;* 2 W. Va.C.S.R. § 42–5–1, *et seq.* Given the vast array of powers with which the Division specifically has been vested, it is quite apparent that the Legislature did not intend the Division's authority to be so broad as to additionally include the power to award damages. *See State ex rel. Roy Allen S. v. Stone,* 196 W.Va. 624, 630 n. 11, 474 S.E.2d 554, 560 n. 11 (1996) ("'*Inclusio unius est exclusio alterius,*' the expression that 'one is the exclusion of the others,' has force in this case. This doctrine informs courts to exclude from operation those items not included in the list of elements that are given effect expressly by statutory language."). *See also Johnson v. Continental Cas. Co.,* 157 W.Va. 572, 578, 201 S.E.2d 292, 296 (1973) ("[T]he exclusion of one subject or thing in a statute is the inclusion of all others." (citations omitted)).

 Likewise, as the Division of Labor is not specifically exempted from the operation of the Administrative Procedures Act, these statutes also govern the proceedings conducted by the Division of Labor to enforce the provisions of the Wage Payment and Collection Act. *See* W. Va.Code § 29A–5–5 (1991) (Repl.Vol.2002) (enumerating agencies to which "Contested Cases" Article of Administrative Procedures Act does not apply). *See also* W. Va.Code § 29A–1–2(b) (1982) (Repl.Vol.2002).[24] Again, however, there is no indicia that the Legislature intended administrative authority to generally include the ability to award damages in contested cases. *See* W. Va.Code § 29A–1–1, *et seq.;* 2 W. Va.C.S.R. § 42–20–2, *et seq.* Therefore, we hold that, in the absence of

---

20. *See* W. Va.Code § 21–5–11(a) (1975) (Repl. Vol.2002).

21. *See* W. Va.Code § 21–5–12(a) (1975) (Repl. Vol.2002); W. Va.Code § 21–5–14(e) (1991) (Repl.Vol.2002).

22. *See* W. Va.Code § 21–5–11(b) (1975) (Repl. Vol.2002); W. Va.Code § 29A–5–1(b) (1964) (Repl.Vol.2002).

23. *See* W. Va.Code § 21–5–11(a) (1975) (Repl. Vol.2002).

24. Specifically, W. Va.Code § 29A–1–2(b) defines a "contested case" as

a proceeding before an agency in which the legal rights, duties, interests or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing, but does not include cases in which an agency issues a license, permit or certificate after an examination to test the knowledge or ability of the applicant where the controversy concerns whether the examination was fair or whether the applicant passed the examination and does not include rule making[.]

*Accord* Syl. pt. 1, *State ex rel. West Virginia Bd. of Educ. v. Perry,* 189 W.Va. 662, 434 S.E.2d 22 (1993).

express statutory authority or an implicit legislative delegation of power, the West Virginia Division of Labor does not have the authority to award damages in claims it adjudicates pursuant to the West Virginia Wage Payment and Collection Act, W. Va.Code § 21–5–1, et seq.[25] Accordingly, we affirm the circuit court's decision insofar as it reached this same conclusion.[26] We caution, however, that this affirmance should not be construed, as urged by the appellees, as relieving Mr. Schwartz and Mr. Johnston from liability as officers of MCDI who "knowingly permitted" that company to violate the provisions of the Wage Payment and Collection Act. Rather, based upon the record evidence before us, we find that the hearing examiner's and circuit court's findings as to Mr. Schwartz's and Mr. Johnston's culpability were correct and are not disturbed by our conclusion that the hearing examiner lacked the authority to award damages in this regard.

## IV.

## CONCLUSION

For the foregoing reasons, we affirm the July 10, 2002, orders of the Circuit Court of Wood County in Case Number 31272 and Case Number 31273.

Case Number 31272–Affirmed.

Case Number 31273–Affirmed.

Justices McGRAW and ALBRIGHT concur, in part, and dissent, in part, and reserve the right to file separate opinions.

ALBRIGHT, Justice, concurring.

(Filed Dec. 8, 2003)

I agree with the result achieved through the majority opinion. I write separately, however, to accentuate the significance of the procedural rules applicable to contested cases dealing with wage collection, as recited in Title 42, Series 20 of the West Virginia Code of State Regulations. The majority opinion's failure to include any meaningful discussion of the regulation should not be interpreted to in any manner minimize the authority of the Division to proceed under such regulation. The procedure delineated therein is properly authorized by West Virgi-

---

**25.** This decision is consistent with our prior cases wherein we intimated that an award for damages under the Wage Payment and Collection Act would have to be made by a judicial tribunal rather than by an administrative agency. *See Britner v. Medical Sec. Card, Inc.*, 200 W.Va. 352, 489 S.E.2d 734 (1997) (per curiam) (affirming circuit court's awards of summary judgment and directed verdict against employer in cases brought to recover unpaid wages under Wage Payment and Collection Act); *Mullins v. Venable*, 171 W.Va. 92, 297 S.E.2d 866 (1982) (remanding Wage Payment and Collection Act collection case for trial to determine employer's liability and employees' damages). Our holding is also in line with courts of other jurisdictions that have decided cases under their own versions of the Wage Payment and Collection Act. *See, e.g., Jeanes v. Allied Life Ins. Co.*, 300 F.3d 938 (8th Cir.2002) (reviewing district court's award of damages under Iowa Wage Payment Collection Law); *Baltimore Harbor Charters, Ltd., v. Ayd*, 365 Md. 366, 780 A.2d 303 (2001) (determining that whether employee was entitled to treble damages under Maryland Wage Payment and Collection Act was question for jury); *Hawkins v. City of Omaha*, 261 Neb. 943, 627 N.W.2d 118 (2001) (affirming district court's calculation and award of damages to employees pursuant to Nebraska Wage Payment and Collection Act).

**26.** That is not to say, however, that the Division, on behalf of the aggrieved employees it represents, may simply seek such damages on administrative appeal to the circuit court. "An administrative proceeding on appeal in circuit court cannot be transformed into an action at law for damages." Syl. pt. 4, *FMC Corp. v. West Virginia Human Rights Comm'n*, 184 W.Va. 712, 403 S.E.2d 729 (1991). Rather, the Division must instead initiate a new action in the circuit court to obtain an enforceable judgment. *See, e.g.*, W. Va.Code § 53–3–1, *et seq.* (delineating criteria for issuance of writ of certiorari); W. Va.Code § 55–13–1, *et seq.* (establishing prerequisites for declaratory judgment proceedings). In any event, though, "[a]n action for damages will not lie prior to the decision of an administrative agency where the question involved is within the jurisdiction of the agency and it demands the exercise of administrative discretion requiring the special knowledge and experience of the agency." 73 C.J.S. *Public Administrative Law and Procedure* § 43, at 476–77 (1983) (citation omitted). *See* Syl. pt. 3, *Bank of Wheeling v. Morris Plan Bank & Trust Co.*, 155 W.Va. 245, 183 S.E.2d 692 ("The rule of exhausting administrative remedies before actions in courts are instituted is applicable, *even though the administrative agency cannot award damages* if the matter is within the jurisdiction of the agency." (emphasis added)).

nia Code § 21–5–11 and § 21–5–13. It represents a reasonable and legitimate method to be utilized in ascertaining, in the first instance, the proper resolution of a contested wage payment and collection issue, the proper parties, and the amounts, if any, in controversy in the judgment of the Commissioner of Labor. The regulation remains in full force and effect.

The only limitation imposed by this Court's opinion is that the Division does not possess the ultimate authority to award damages based upon its findings. This Court correctly concludes that a judicial action is required to enforce the provisions of the statute against an unwilling employer. However, the majority opinion fails to discuss the dignity to be accorded in a subsequent judicial proceeding to administrative findings made in a hearing held pursuant to the regulation. I respectfully suggest that the administrative finding remains binding on all the parties and, in practice, determines the proper damages to be awarded in a subsequent judicial proceeding required by West Virginia Code § 21–5–12, except as additional damages, if any, may be awarded as a result of the need to prosecute a suit to enforce the act.

For those reasons, I respectfully concur with the otherwise complete and thorough majority opinion. I am authorized to state that Justice McGraw joins me in this concurring opinion.