IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RENEE REED, as Administratrix of the Estate
of Gregory Burl Reed,
Applicant Below, Petitioner**

FILED
**February 28, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-108** (W. Va. Consol. Pub. Ret. Bd. (In Re: Gregory Burl Reed))

**WEST VIRGINIA CONSOLIDATED
PUBLIC RETIREMENT BOARD,
Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Renee Reed, acting as Administratrix of the Estate of Gregory Burl Reed, appeals the February 15, 2024, amended final order from the West Virginia Consolidated Public Retirement Board ("the Board") which adopted the hearing officer's recommendation and denied Mrs. Reed's appeal. The Board filed a response.[1] Mrs. Reed filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Gregory Reed first enrolled in the Teachers Retirement System ("TRS") in August of 1988 and designated his mother and father as his beneficiaries. On June 16, 1990, Mr. Reed married Kelly Reed. From 1990 to 1996, Mr. Reed submitted various change of beneficiary forms. On June 25, 2008, he submitted the last beneficiary form received by the Board which named his then wife Kelly Reed as his sole beneficiary.

Mr. Reed and Kelly Reed finalized their divorce on August 16, 2010. On August 17, 2010, a Qualified Domestic Relations Order ("QDRO") was entered which set out the specifics of a property settlement agreement and granted Kelly Reed 38% of Mr. Reed's TRS retirement benefits. On June 25, 2016, Mr. Reed married Petitioner Renee Reed. Mr.

---

[1] Mrs. Reed is represented by Stephen F. Gandee, Esq., and Lindsay M. Stollings, Esq. The Board is represented by J. Jeaneen Legato, Esq.

Reed passed away on January 11, 2023. At the time of his death, he was fifty-seven years old, had twenty-seven and a half years of service credit in the TRS, and was not retired. By letter dated March 22, 2023, the Board calculated the value of Mr. Reed's TRS account to be $237,860.67. On April 11, 2023, the Board notified Mrs. Reed, as Mr. Reed's surviving spouse, of its determination pursuant to West Virginia Code §18-7A-23(b)(1) (2015) that she was not entitled to a spousal annuity because she was not designated as Mr. Reed's "sole primary refund beneficiary." The Board further concluded pursuant to West Virginia Code §18-7A-23(b)(2) that Mr. Reed's ex-wife and designated beneficiary Kelly Reed was entitled to his contributions minus the amount allocated by the QDRO. The Board determined that Kelly Reed would receive one check for the 38% allocation pursuant to the QDRO and another check for the remaining 62% as the designated beneficiary.

Next, on June 30, 2023, Mrs. Reed appealed the Board's decision. An administrative hearing was held before Hearing Officer Anne Charnock on August 29, 2023. Mrs. Reed, Mrs. Reed's counsel, the Board's Deputy Director Terasa Miller, the Board's counsel, and Kelly Reed appeared for the hearing. On December 27, 2023, Hearing Officer Charnock issued a recommended decision which recommended the Board deny Mrs. Reed's request that Mr. Reed's estate receive the benefits opposed to the designated beneficiary Kelly Reed. Based upon the beneficiary card signed by Mr. Reed on June 25, 2008, the hearing officer recommended that designated beneficiary Kelly Reed receive the death refund. During the January 2024 board meeting, the Board adopted the recommended decision of the hearing officer and issued a Final Order dated January 18, 2024, which denied Mrs. Reed's appeal. On February 15, 2024, the Board issued an Amended Final Order to correct clerical errors. It is from this order that Mrs. Reed now appeals.

Our review of this matter is governed by the State Administrative Procedures Act, which states:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021); *Webb v. W. Va. Bd. of Med.,* 212 W.Va. 149, 155, 569 S.E.2d 225, 231 (2002) ("[T]his Court reviews the decisions of the circuit court under the

same standard of judicial review that the lower court was required to apply to the decision of the administrative agency."). Likewise, the "clearly wrong" and the "arbitrary and capricious" standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis. Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996); *see also* Syl. Pt. 1, *Francis O. Day Co., Inc., v. Dir. Div. of Env't Prot.*, 191 W. Va. 134, 443 S.E.2d 602 (1994) ("Evidentiary findings made at an administrative hearing should not be reversed unless they are clearly wrong.").

On appeal, Mrs. Reed asserts two assignments of error. First, she argues the Board abused its discretion in awarding the entirety of Mr. Reed's retirement benefits to Kelly Reed pursuant to the beneficiary designation because the award ignores the divorce decree and the QDRO, which allows for unjust enrichment and a double recovery. For her second assignment of error, she argues West Virginia Code § 18-7A-23(b)(1) and (2) are inconsistent and conflict with the family court's divorce decree, the QDRO, and West Virginia law regarding the equitable division of marital property. We disagree.

Pursuant to West Virginia Code § 5-10D-1 (2020), the Board is charged with administering the TRS. Pre-retirement death benefits in TRS are governed by West Virginia Code § 18-7A-23(b)(1) and (2), which state as follows:

> (b) Benefits upon the death of a contributor prior to retirement under the provisions of this article shall be paid as follows:
>
> > (1) If the contributor was at least fifty years old and if his or her total service as a teacher or nonteaching member was at least twenty-five years at the time of his or her death, then the surviving spouse of the deceased, provided the spouse is designated as the sole primary refund beneficiary, is eligible for an annuity computed as though the deceased were actually a retirant at the time of death and had selected a survivorship option which pays the spouse the same monthly amount which would have been received by the deceased; or
>
> > (2) If the facts do not permit payment under subdivision (1) of this subsection, then the following sum shall be paid to the refund beneficiary of the contributor . . . .

In addition, West Virginia C.S.R. § 162-1-8(8.1.a) defines a "beneficiary" as "the person who the member has designated as beneficiary in writing as of the date of his or her death."

On June 25, 2008, Mr. Reed submitted a beneficiary form which named his then wife Kelly Reed as his sole beneficiary. After Mr. Reed and Kelly Reed divorced, they

entered into a QDRO which granted Kelly Reed 38% of Mr. Reed's account with the TRS. Kelly Reed would have received 38% of these benefits pursuant to the QDRO even if she was not listed on the beneficiary form. However, Mr. Reed never updated his beneficiary form, and Kelly Reed was the only designated refund beneficiary on file with the Board at the time of Mr. Reed's death.

Mrs. Reed argues the divorce between Mr. Reed and Kelly Reed and West Virginia law regarding the equitable division of marital property should nullify the beneficiary form because it creates an unjust and absurd result for an ex-spouse to receive the entirety of these benefits. However, West Virginia Law is clear that "[a]dministrative agencies and their executive officers are creatures of statute and delegates of the Legislature. Their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim." Syl. Pt. 4, *McDaniel v. W. Virginia Div. of Lab.*, 214 W. Va. 719, 591 S.E.2d 277 (2003) (quoting Syl. Pt. 3, *Mountaineer Disposal Service, Inc. v. Dyer,* 156 W. Va. 766, 197 S.E.2d 111 (1973)). The Board correctly determined that it has no statutory authority to ignore that form and correctly held that it must pay the entirety of these benefits to Kelly Reed pursuant to West Virginia Code § 18-7A-23(b)(1) and (2). The Board is controlled by statutes and legislative rules, and it has no general or common law powers to supplant its views of equity or fairness over the plain language of the statute. *See McDaniel*, 214 W. Va. at 721, 591 S.E.2d at 279, Syl. Pt. 4 (holding that administrative agencies "have no general or common-law powers but only such as have been conferred upon them by law expressly or by implication"). Therefore, based upon a review of the record before this Court, the Board correctly found that Kelly Reed was entitled to the 38% of the benefits pursuant to the QDRO and then the remaining 62% pursuant to the beneficiary form, which totals 100% of the retirement benefits. The Board did not abuse its discretion in making these determinations, and these findings are affirmed.

Affirmed.

**ISSUED:** February 28, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

Judge S. Ryan White, not participating

4