# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM HARVEY ARCHIBALD,**
**Grievant Below, Petitioner**

**v.)   No. 24-ICA-211**          (Grievance Bd. Case No. 2024-0569-MISC)

**OFFICE OF THE ADJUTANT GENERAL,**
**WEST VIRGINIA MILITARY AUTHORITY,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Harvey Archibald appeals the April 23, 2024, order of the West Virginia Public Employees Grievance Board ("Grievance Board") which dismissed his grievance. Respondent Adjutant General's Office/West Virginia Military Authority (the "Authority") filed a response.[1] No reply was filed. The issue on appeal is whether the Grievance Board erred in holding it had no jurisdiction over Mr. Archibald's grievance because he was an at-will employee of the Authority and as such, could not avail himself of the state grievance procedure pursuant to West Virginia Code § 15-1J-4(d)(11) (2021).

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Archibald is a civilian employee of the Authority with years of experience in building maintenance. In February of 2022, he filed a complaint with the Authority's human resources office alleging that his immediate supervisors were trying to have him fired and harassing him in retaliation for his participation in a workplace investigation of theft of state resources by one of his former supervisors. Mr. Archibald claims that after filing the complaint, he negotiated an agreement with the Authority to limit the locations in which he worked, so he withdrew his complaint. However, in August of 2023, he was required to work in a location that was outside of the agreement. Mr. Archibald claims that when he reminded his supervisors of the limitation in the agreement, the harassment and threats reoccurred.

---

[1] Mr. Archibald is represented by Todd W. Reed, Esq. The Authority is represented by John B. McCuskey, Esq., Sean M. Whelan, Esq., and John F. Willems, Esq.

On October 6, 2023, Mr. Archibald filed an employee grievance form according to the Authority's internal grievance procedures. His grievance was denied.[2] Significant to this appeal, while this process was ongoing, Mr. Archibald also filed a Level One grievance with the Grievance Board on October 24, 2023. The Grievance Board's Chief Administrative Law Judge ("ALJ") responded by letter dated October 26, 2023, that the Grievance Board did not have jurisdiction over Mr. Archibald's grievance, and that Mr. Archibald had until November 10, 2023, to respond if he disagreed. There is no evidence in the record that Mr. Archibald responded.

Undeterred, Mr. Archibald filed a Level III Grievance with the Grievance Board on February 21, 2024, and attached a Motion to Accept Petitioner's Grievance and Apply the West Virginia Public Employees Grievance Procedures Via Permissive Jurisdiction. Mr. Archibald argued that Section 15.9(a) of his employment manual imposed a "forum selection" provision on Authority employees because it states that "[e]mployees must address such complaints through their manager/supervisor, the West Virginia Public Employees Grievance Procedure, or litigation." Mr. Archibald asserted that the Authority therefore gave him "explicit permission to have the matter heard before the [Grievance] Board."

On March 6, 2024, the ALJ sent another letter to Mr. Archibald and his counsel stating again that the Grievance Board lacked jurisdiction over his grievance. Mr. Archibald responded by letter on March 21, 2024, and the Authority responded by letter dated March 27, 2024, disputing Mr. Archibald's assertions and contending that it did not submit its employee grievances to the Grievance Board.

On April 23, 2024, the Grievance Board issued an order dismissing Mr. Archibald's Level III Grievance, finding that West Virginia Code §§ 15-1J-4(d)(11) and 15-1J-5(a)(1) (2008) statutorily preclude the Authority's employees from using the state public employees' grievance procedure. The Grievance Board further found that regardless of the content of the Authority's employee manual, it could not "confer jurisdiction to the Grievance Board that the Legislature did not grant." It is from this order that Mr. Archibald now appeals.

Our governing standard of review for a contested case from the West Virginia Public Employees Grievance Board is as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or

---

[2] According to the record, Mr. Archibald appealed the denial of his Level I grievance to Level II, and on February 9, 2024, a grievance evaluator rejected Mr. Archibald's grievance, finding his claims were not "grievable" under the defined terms within the Authority's policy, and that the grievance was untimely filed.

decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:

(1)     In violation of constitutional or statutory provisions;
(2)     In excess of the statutory authority or jurisdiction of the agency;
(3)     Made upon unlawful procedures;
(4)     Affected by other error of law;
(5)     Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of an administrative appeal).

On appeal, Mr. Archibald argues that the Grievance Board erred in determining it had no jurisdiction because the Authority explicitly identified the Grievance Board as an avenue for its employees to seek redress. Mr. Archibald admits that Authority employees are statutorily precluded from having their matters heard by the Grievance Board, but because the Authority included the Grievance Board as a tribunal for resolving employee grievances in its employee manual, he argues that the Grievance Board should exercise "permissive jurisdiction" and hear his grievance. Mr. Archibald further likens the provision in the employee manual to a forum selection clause and argues that the employees of the Authority should be able to rely on it to seek due process before the Grievance Board, regardless of the exclusionary nature of the statute.

We find no merit in this argument. The Grievance Board has no authority to hear Mr. Archibald's grievance by the plain language of the relevant statute, which states that employees of the Authority "may not avail themselves of the state grievance procedure[.]" W. Va. Code § 15-1J-4(d)(11). Indeed, we have previously recognized that Authority employees were excluded from having their grievances heard by the Grievance Board in *Paxton v. W. Va. Dept. of Homeland Security*, No. 22-ICA-117, 2023 WL 4027506, at *1 (W. Va. Ct. App. June 15, 2023) (memorandum decision). "Administrative agencies and their executive officers are creatures of statute and delegates of the Legislature." Syl. Pt. 4, *McDaniel v. W. Va. Div. of Labor*, 214 W. Va. 719, 591 S.E.2d 277 (2003) (quoting Syl. Pt. 3, *Mountaineer Disposal Serv., Inc. v. Dyer*, 156 W. Va. 766, 197 S.E.2d 111 (1973)). Furthermore, Section 15(a) of the Authority's employee manual cannot alter the Grievance Board's jurisdiction where the statutory language expressly limits it. The Authority is "constrained to exercise its authority consistently with the intention expressed by the Legislature in the enabling statute." *Simpson v. W. Va. Off. of the Ins. Comm'r*, 223 W. Va. 495, 506, 678 S.E.2d 1, 12 (2009). Moreover, as this Court recently acknowledged, "[a]n administrative agency is but a creature of statute and has no greater authority than [that] conferred under the governing statutes." *Adams v. Boone Cty. Bd. of Educ.*, No. 23-ICA-

3

277, 2024 WL 2373202, at *3 (W. Va. Ct. App. May 23, 2024) (memorandum decision).[3] Based on the stated statutory limitations, we find no authority for the Grievance Board to exercise "permissive jurisdiction" and hear Mr. Archibald's grievance.

Accordingly, finding no basis to disturb the April 23, 2024, dismissal order, we affirm.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[3] Mr. Archibald has the right to file a civil action to resolve his claim. To the extent the Authority's wrongful inclusion of the grievance process in its employee manual induced Mr. Archibald to refrain from filing a civil action within the statute of limitations, the time it took to resolve the grievance process should be used to toll the statutory period. *See* Syl. Pt. 1, *Humble Oil & Refining Co. v. Lane*, 152 W. Va. 578, 165 S.E.2d 379 (1969) (under principles of equitable estoppel, if a plaintiff can show detrimental reliance on the conduct of the defendant that induced him or her to refrain from bringing suit within the statutory period, the defendant can be estopped from pleading the statute of limitations).